Bradbury, J.
The only question presented by the record is: Whether there was a right of appeal to the circuit court, from the judgment of the court of common pleas. This depends upon the nature and character of the relief sought. Gunsaullus v. Pettit, 46 Ohio St., 27. The petition of the plaintiff contained five causes of action; the first, second, third and fourth of which, were upon promissory notes, in respect to which no issue was taken. The fifth cause of action was as follows:
“For his fifth cause of action the said plaintiff says: “That the said Plain City Bank and the defendant, Daniel Boy^d, have had mutual dealings running through a period of at least ten years, and the Plain City Bank and the defendant have kept books of account touching said dealings, which accounts and the items thereof extend to a very large number, and that the aggregate of such items exceed the sum of $600,000.00. The said plaintiff and the said defendant have been trying to adjust said items of account, and to come to a settlement of the same, but they have been unable to adjust or settle their account for the reason that the said defendant claims that upon the adjustment and settlement of said accounts there is a balance of about $2,400.00 due him, and the said plaintiff claims that he is not authorized and is not empowered to settle and adjust said accounts until the same have been passed upon by the court, and he says it will be utterly impossible for the plaintiff and defendant to agree as to the correctness of said items of account, and to settle or adjust the same between themselves.
*51 “The said plaintiff therefore prays, that the defendant may be ordered to come to an account touching the said items of account and the said matter, and that the court may order the reference of said accounts to a Master for the purpose of settling the same and ascertaining the exact condition óf the said account between the said parties, and that after an account has been had between said parties, that a judgment may be had between the parties in accordance with the facts so ascertained, and that said plaintiff may have all other and proper relief in the premises.”
To this cause of action the following answer was interposed :
“Now comes the said defendant, Daniel Boyd, and for answer herein says, that the allegations of said petition are substantially true, except as to the amount that he, defendant, claims is due him from the plaintiff. Just what that amount is, defendant is unable to state, but does claim that when the difference is struck between accounts of plaintiff and defendant a large amount will be found due him, defendant. For the reasons stated in petition, defendant joins in the prajmr for a master commissioner, and asks judgment in accordance with such master’s finding.”
No issue having been joined on either of the causes of action that were founded on the notes, the question may be considered as if thej' had not been included in the petition; and this, too, although had an issue been joined on either of them, such issue being triable by jury, would have drawn to it the trial of the whole action. Ladd v. James et at., 10 Ohio St., 437.
What is the nature and character of the relief that the plaintiff sought by this fifth cause of action, upon which the trial was had? It was not a recovery of money, for he claimed none by any of its allegations. Instead of this, he sought to ascertain what was due from him, as receiver, to the defendant. To attain this end fully and adequately, he asked for an accounting in equhy, and, to show his title to relief of that character, he set forth a long continued course of mutual dealing between the bank, for which he was acting, and the defendant, the great number of - items which *52 the account contained, the large sum they aggregated, the attempts of himself and the defendant to settle and adjust the accounts, and their failure and inability to do so. No breach of contract was charged against the defendant, nor was he charged with the violation of any duty, except what may be implied from the averment that the parties were “utterly” unable to come to a settlement; and even in this connection there is no attempt' to show that the defendant Was not as anxious for a settlement of the account, and as diligent in his efforts to obtain one, as the plaintiff. The difficulty of adjusting the accounts did not arise, therefore, from the obstinacy or bad faith of either party, but was rather a consequence of the state of the accounts themselves.
These allegations, together with his prayer for relief, manifest his purpose to obtain an accounting in equity, and if they are not sufficient for that, they entitle him to no relief whatever.
Whether the relief sought is equitable in its nature, depends upon whether it is a kind that a court of equity can afford. 'If a court of equity has no jurisdiction in matters of account, founded solely on their magnitude, mutuality and complexity, then the relief sought by the plaintiff was not equitable in its character, and cannot become the predicate of an appeal. It therefore becomes necessary to consider this ground of equity jurisdiction.
The circumstances that will warrant a court of equity to assume jurisdiction in matters of account, have long been the subject of discussion by courts of the highest authority. Where the accounts are mutual, and complicated to a degree that makes their examination bj^ a jury difficult and unsatisfactory, equity will generally assume jurisdiction, though no rule of certain application can be laid down. The court should be satisfied of the inadequacy of proceedings at law to do justice between the parties. The doctrine is discussed, and the jurisdiction of equity, in the case of complicated mutual accounts, has been sustained by most, if not all, of the authors of the text books upon the subject of the *53 jurisdiction of courts of equity. Story Eq. Jur. 459; Adams Eq. 222; Pomeroy’s Eq. sec. 1421.
The jurisdiction has been asserted and maintained by the courts of England. Northeastern Ry. Co. v. Martin, 2 Phillips Ch. 758, 762; The Taff Vale Ry. Co. v. Nixon et al., 1 House of Lords Cases, 116. And also by the courts of the American States. The decisions on the subject are numerous. In many of them discovery was sought also, but, even then, the main ground upon which the jurisdiction was sustained, was, often, the complicated condition of the accounts, while in other cases it was the sole ground of the action of the court. Hickman v. Stout, 2 Leigh, 6; Hay v. Marshall et al., 3 Hump. 623, The Governor et al. v. McEwen, 5 Humph. 241; Power v. Reeder, 9 Dana. (Ky.) 6; Heirs, etc. v. U. S., 7 Pet. 625; Post et al. v. Kimberly et al., 9 Johns. 470; Kirkman et al. v. Vanlier, 7 Ala. 217; State v. Churchill et al., 48 Ark. 426; Cummins v. White et al., 4 Blackf. 356.
In Johnson v. Wallace, 7 Ohio (pt. 2), 62, it was held that “courts of law cannot appoint a person to adjust long and disputed items of account in an action of assumpsit, without the consent of both parties.” The court, however, say, on page 63: “The difficulties arising in cases of this kind, however, may be avoided by a resort to a court of equity, which has concurrent jurisdiction with the courts of law, in cases of this description. Those long and perplexing accounts might then be referred to a competent master, and be far more satisfactorily adjusted.”
These, without further citation of authorities, satisfactorily establish the concurrent jurisdiction of courts of equity in matters of mutual and complex accounts, on the ground of the iuadequacjr of the remedy at law.
The relief sought by the plaintiff, therefore, was in its nature equitable. Section 5226, Revised Statutes, provides that an appeal may be taken to the circuit court from all judgments of the court of common pleas, in actions of which it had original jurisdiction, “if the right to demand a jury therein did not exist.” As, in causes of equitable jurisdiction, no right to a trial by a jury exists unless given *54 by statute, it follows that the plaintiff had a right of appeal in this case if that right was not abrogated by statute.
Section 5130, Revised Statutes, provides that a jury may be demanded to try any “issues of fact arising in actions for the recovery of money only.” * * *
No real issue was joined between the parties; the plaintiff set forth the nature of the accounts and the inability of the parties to adjust them, adding that the defendant claimed that about $2,400.00 would be due to him (the defendant), when they should be settled, but neither admitting nor denying the claim; the defendant admitted all of the allegations of the plaintiff except that he claimed about $2,400, but does not state whether he claims more or less than that sum, simply saying in this connection that a large sum will be due him on an adjustment of the accounts, and joins in the prayer for the appointment of a master commissioner to adjust them. This absence of a distinct issue is, certainly, not a conclusive, perhaps not a very important, circumstance by which to test the right to appeal the cause; for, if the relief to which the parties were entitled was legal, as contradistinguished from equitable, the absence of-an appropriate issue would not give a right to an appeal. It is not to be entirely ignored, however, for, to some extent, it tends to give character to the relief sought. Was the action one for the recovery of money only, within the meaning of section 5130, of the Revised Statutes?
To what extent section 5130, Revised Statutes, abridges the equity jurisdiction of the court of common pleas, has not been settled. Causes of action clearly within its provisions are, of course, removed from the domain of equity. Statutes, however, that abrogate or abridge that jurisdiction, are to be strictly construed, and if the restrictive purpose is not clear it will not be extended by construction. 1 Pomeroy Eq. Jur., sections 182, 276-280.
The section under consideration—section 5130, Revised Statutes—does not, in terms, abolish the jurisdiction of equity in matters of account. The ground of that jurisdiction, it should be remembered, is the inadequacy of the remedy at law, while the remedy in equity is full, complete and easily *55 applied. Therefore, an intention to utterly destroy this 'beneficial jurisdiction should not, by implication, be imputed to the legislature, unless that purpose clearly manifests itself. Of course, if the statute is irreconcilable with the continuance of the jurisdiction in equity, the statute must prevail. We do not think, however, that such irreconcilability exists. That the ultimate relief sought is a recovery of money, merely, is not conclusive that the action is one for the recovery of money only. Rowland v. Entrekin, 27 Ohio St., 47. In that action, so far as its object can be gathered from the facts as they appear in the report of the case, the plaintiff’s ultimate purpose rvas to recover a judgment for damages that he had sustained bjr being kept out of the possession of premises to which he was entitled by a defectively executed lease. To enable him to effect a recovery upon this lease, he was under the necessity of having it reformed by a court of equity. The right to an appeal was sustained, and, of course, upon the ground that the action was not for the recovery of money only. There the plaintiff’s necessity to have the instrument reformed gave character to the action. After the reformation had been accomplished, the question of the recovery was peculiarly one of law, for it involved simply an inquiry respecting unliquidated damages for a wrongful act.
In the case under consideration the necessity for the aid of a court of equity inhered in the cause of action itself, and continued until the amount due from one party to the other, was ascertained by an adjustment of every item of the account. The assistance of equity was invoked, because without that assistance the rights of the parties could not be ascertained with that fullness and certainty to which they were entitled.
In view of the rules fairly established by the authorities for construing statutes which are claimed to abridge or abolish, by implication, jurisdiction in equity, we do not think that section 5130, Revised Statutes, should be held to abrogate that jurisdiction in matters of account, where the remedy at law is inadequate. This conclusion does not conflict with the former decisions of this court, cited by counsel *56 for defendant in error. Gunsaullus, adm'r v. Pettit, adm'r, 46 Ohio St., 27, was in substance an action for money had and received. On page 29, Minshall, J., characterizes the cause of action as follows: “The claim of the plaintiff below, when reduced to its substance, is, that the husband of his intestate received monies belonging to her, that he promised to hold and invest for her use.” Averill Coal & Oil Co. v. Verner, 22 Ohio St., 372, was an action on an account; no relief was prayed for except a money judgment, and no facts alleged to show the inadequacy of proceedings at law to determine the rights of the parties. Dunn & Witt v. Kanmacher & Stark et al., 26 Ohio St., 497, was an action to enforce the right of sub-contractors, under the Mechanics’ Eien law, which law provided that the remedy should be by “an action for money had and received.” S. & C. 834 (sec. 5).
Chapman v. Lee, 45 Ohio St., 357, seems, by implication, to recognize the jurisdiction of equity in matters of account, where it is necessary to full and adequate relief; for, in the second syllabus, it states as one of the grounds for denying the right of appeal, that an accounting in equity was not necessary to full and adequate relief. Conard v. Conard, 38 Ohio St., 467, clearly recognizes the jurisdiction of equity in matters of account, in an action by one co-tenant against another for rents and profits, under the act of May 13, 1868 (S. & S. 578). That statute authorizes a recovery by civil action “according to the justice and equity of the case.” The word “equity” was evident^ employed here in its broader sense, as being consonant to natural right, not in its technical sense for the purpose of conferring jurisdiction. The remedy given was a civil action, leaving its character—-whether legal or equitable—-to be determined by the nature of the relief that should be appropriate to the particular circumstances of each case. In that case (Conard v. Conard, supra) the ultimate relief sought was money only: This court, in sustaining the right of appeal, does not place that right upon the ground that the statute prescribed a suit in equity, but upon the ground that the record did not disclose an action for money only. The court says:
*57 “A civil action in which neither party has a right to demand a trial by a jury may be appealed. The case made upon this record'is not an action for the recovery of money merely, but for an accounting according to the principles of equity, in which neither paity had a right of trial by jury.” Id. 468. The right to an accounting in equity was made the test that gave character to the action, and removed it from the category of those brought for the recovery of money’ only*.

Judgment reversed and cause remanded.